14 273
116 257

B. B. LOCKHART, Administrator, *v.* J. J. WALL, Administrator.

There is no law which renders an administrator personally liable for a debt of his intestate, on his mere neglect to comply with an *ex parte* order of the Clerk to file his account.

APPEAL from the District Court of the Parish of Livingston, *Wilson*, J. *W. E. Walker*, for plaintiff. *C. J. Bradley*, for defendant and appellant.

MERRICK, C. J. In 1855, the defendant, as administrator of *Samuel Patterson*, deceased, having $521 38 to distribute to the creditors, filed a tableau of distribution.

The privileged claims, including the $1000 allowed by law to the widow and minor children amounted to over $1200.

The mortgages exceeded $4000, and ordinary claims were $1419 69. The plaintiff was classed as a mortgage creditor by tacit mortgage for $300. This tableau of distribution was homologated by the Clerk June 7th, 1856.

On the 12th day of June, 1857, the defendant filed a second account and tableau of distribution, wherein he showed (after certain payments) a balance of $824 63, which he prays might be applied to the payment of the privileged debts. The widow filed an opposition claiming to be paid, by preference to all other debts, the sum of one thousand dollars. The opposition was sustained by the District Court. From this decree the administrator, in the month of May, 1858, took an appeal returnable to the present term of this court.

In July the plaintiff filed his petition and obtained an *ex parte* order from the Clerk upon the defendant to file an account of his administration within ten days after notice, allowing an additional day for each ten miles his residence may be from the court-house. The plaintiff had, two or three days previously, also caused a notice of the order of the Clerk homologating the account of 1855 to be served upon the defendant. This notice did not purport to be a copy of the order itself, but was a notice apparently composed by the Clerk addressed to the defendant. The Sheriff, in his return, after stating the manner in which he served the notice, certified further, " That the said *Wall* did not inform me at the time of service whether he had sufficient funds on hand to pay the claim referred to in said notice or not, but stated he did not think said claim ought to be paid in preference to the rest of said claims due by the estate."

After the delay fixed by the Clerk in his *ex parte* order had expired, the plaintiff instituted the present action to make the defendant personally liable for failing to file the account, and for failing to inform the Sheriff whether he had funds to pay the debt.

The judgment of the lower court was in favor of the plaintiff for $300 and five per cent. interest from 3d September, 1855, but refused him an execution until he had previously filed a bond with the Clerk, conditioned that the defendant should not be damaged by any judgment which this court might render in the matter of the succession of *Patterson* already referred to.

Defendant appeals.

We are not aware of any law which renders an administrator personally liable for the debt, on his mere neglect to comply with the *ex parte* order of the Clerk

35

LOCKHART
*v*
WALL.

to file his account, and as the law has not denounced the penalty claimed, we cannot maintain this ground as the basis of the action.

So far as it concerns the notice of the Clerk's order homologating the account, it may be observed, that the plaintiff was as fully advised of the condition of the estate as the defendant, and it is quite evident that this notice was not served for the purpose of ascertaining the condition of the funds in the hands of the administrator. If this had been the object, it could have been much better attained on a simple motion. Phil. Rev. Stat., p. 2, sec. 3. It seems to us it could have no serviceable object but to entrap the defendant by any incautious reply he might make to the Sheriff charged with serving the notice. And on such a reply, it seems he has been condemned to pay this debt, when from both accounts rendered by him, which are unopposed by the plaintiff, it appears that the funds in the hands of the administrator are insufficient to pay the privileges, and that the plaintiff has no claim in virtue of any decree to any part of the same.

We must, therefore, look into the proceedings, and see if the defendant has become personally bound for this debt. We suppose this proceeding to be commenced under Articles 1053, 1054, 1055, 1056 and 1057 of the Code of Practice. An examination of these Articles shows, that the judgment there spoken of is one regular in form against the administrator, condemning him at least to pay the debt in the due course of administration. Now, the order of the Clerk homologating the account is not a judgment in the sense of those Articles. The only proper subject of the order was the sum of $521 38½, which the administrator was ordered to distribute in effect to the privileged creditors. See *Hickman* v. *Flenniken*, 12 An. 268. There was no decree against the administrator to pay over any other sum of money to the plaintiff or any one else ; for the Clerk was without judicial power to do more than homologate the account. As, therefore, the defendant held no judgment ordering the administrator to pay him any sum of money, the notification of the Clerk's order homologating the account was an idle ceremony which could not produce the serious results ascribed to it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that there be judgment on the present demand in favor of the defendant as in case of non-suit, the plaintiff paying the costs of both courts.

VOORHIES, J., absent.